USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/13/2021_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

                Plaintiff,

-against-

HARMEET SINGH, ABRAHAM HANUKA and
JOSEPH HANUKA,

                Defendants.

20 Civ. 8586 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, the City of New York (the "City"), alleges that Defendants, Harmeet Singh, Abraham Hanuka, and Joseph Hanuka, violated the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341 *et seq.* (the "CCTA"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.* ("RICO"), and New York State Public Health Law § 1399-*ll* ("PHL"), by engaging in a conspiracy to avoid payment of state and local excise taxes in connection with the sale of cigarettes. Compl., ECF No. 1. Defendant Harmeet Singh moves to dismiss this action for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). ECF No. 18. For the reasons stated below, Singh's motion is GRANTED.

**BACKGROUND**

      The following facts are taken from the complaint and affidavits, which are construed in the light most favorable to the City for the purposes of considering a motion to dismiss for lack of personal jurisdiction. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

      New York State and New York City each impose a separate excise tax on cigarettes possessed for sale or use in New York City. *See* N.Y. Tax L. § 471 and 471-a; N.Y.C. Admin. Code §§ 11–1302(a)(1), (2). These cigarettes are presumptively subject to the cigarette taxes.

*See* N.Y. Tax L. § 471(1); N.Y.C. Admin. Code § 11-1302(d). Both statutes require that a stamp be affixed to cigarette packages to indicate that the requisite taxes have been paid. N.Y. Tax L. §§ 471, 473; N.Y.C. Admin. Code §§ 11-1302, 1304. The cost of this stamp must then be incorporated into the price the customer pays. N.Y. Tax L. § 471; N.Y.C. Admin. Code §§ 11-1302(a)(3), (e) and (h).

Virginia imposes a lower tax on cigarettes than New York. Compl. ¶ 20. Therefore, cigarettes are more expensive in New York than in Virginia. *Id.* This creates an arbitrage opportunity for individuals who obtain cheaper cigarettes in Virginia for later sale in New York, despite having paid only the lower Virginia tax. *Id.* ¶¶ 19–20.

Harmeet Singh resides in Virginia where he owns City Mart, a convenience store that sells cigarettes. *Id.* ¶¶ 3, 10. The City alleges that Joseph Hanuka, a New York resident, drove to Virginia during several weekends in the spring and summer of 2020, to purchase cigarettes from City Mart. *Id.* ¶¶ 4–6, 23–27, 29, 36–37, 39–40, 43–46. He then transported the cigarettes to New York, where he possessed them without the required tax stamps. *Id.* ¶¶ 38, 42, 53–54. Although the City claims in the complaint that Joseph Hanuka acted at the direction of fellow New York resident, Abraham Hanuka, *id*. ¶ 67, the City has clarified that "Abraham Hanuka has for many years resided outside of the United States, and had no actual involvement in the matters alleged in the complaint beyond holding the registration of the vehicle used by Joseph Hanuka." ECF No. 15 at 2.

The City alleges that Singh knew that the cigarettes were destined for resale in New York. Compl. ¶¶ 56, 63, 66, 70(a). On one of Joseph Hanuka's trips to City Mart, police officers observed Joseph Hanuka park in front of City Mart, take an item from his trunk, enter City Mart, enter Singh's private office, and then exit the store and place items in his vehicle.

2

Compl. ¶¶ 24–25.  The City claims that, on at least one occasion, Singh also assisted Joseph Hanuka in loading cigarettes into Joseph Hanuka's car, which bore a New York license plate.  *Id.* ¶¶ 4, 40.  On each visit to City Mart, Joseph Hanuka purchased about sixty cartons of cigarettes and then drove the cigarettes back to his residence in Brooklyn.  Hanuka Aff. ¶¶ 2, 4, 6, ECF No. 23.  On the way back to New York, Joseph Hanuka stopped at rest stops in Virginia to sell some of these cartons to individuals unknown to him.  *Id.* ¶ 6.

## DISCUSSION

I.    <u>Legal Standard</u>

    A.  Personal Jurisdiction

"On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction."  *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. 2014) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)).  When the jurisdictional facts are in dispute, "the district court may consider materials outside the pleadings, including affidavits and other written materials."  *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015).  "Because the Court has not held an evidentiary hearing on this issue, Plaintiff need only make a prima facie showing of jurisdiction through affidavits and supporting materials to satisfy this burden."  *Golden Archer Invs., LLC v. Skynet Fin. Sys.*, No. 11 Civ. 3673, 2012 WL 123989, at *3 (S.D.N.Y. Jan. 3, 2012).

"District courts deciding a motion to dismiss for lack of personal jurisdiction engage in a two-part analysis, first determining whether there is a statutory basis for exercising personal jurisdiction, and second deciding whether the exercise of jurisdiction comports with due process."  *BWP Media*, 69 F. Supp. 3d at 349 (quotation marks and citation omitted).  In a

federal question case, the district court "applies the forum state's personal jurisdiction rules, unless a federal statute specifically provides for national service of process." *Id.* at 350 (quotation marks, alteration, and citation omitted). Jurisdiction comports with due process if "the defendant has certain minimum contacts with the [s]tate such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quotation marks, alterations, and citation omitted).

    B. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation marks omitted)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *See McDonald v. West*, 138 F. Supp. 3d 448, 452 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016).

II.   Analysis

    A. Personal Jurisdiction

Because it is improper for the Court to opine on the merits of a case where it lacks jurisdiction, the Court first addresses whether it has personal jurisdiction over Singh. *See, e.g.*, *Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419, 2015 WL 1499185, at *7 (S.D.N.Y. Mar. 31, 2015); *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("[L]ogic compel[s]

4

initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim.").

1. CCTA

Because the CCTA does not provide for nationwide service of process, the Court looks to New York law to determine whether it has personal jurisdiction over Singh as to this claim. *See Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 417 (S.D.N.Y. 2009). The City argues that there is a statutory basis for specific personal jurisdiction over Singh, a Virginia resident, Compl. ¶ 10, pursuant to N.Y. C.P.L.R. § 302(a)(1), which provides that a court may exercise personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." City Mem. at 6, ECF No. 20.

A plaintiff makes a prima facie showing of jurisdiction under § 302(a)(1) by establishing "first, that defendant transacted business within the state of New York, and second, that this action arises from that transaction of business." *Royalty*, 638 F. Supp. 2d at 417 (citation omitted). "[A] party transacts business within the state when it purposefully avails itself of the privilege of conducting activities within New York." *Id.* at 417–18 (quotation marks and citation omitted). Section 302(a) is a "single act statute" wherein "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities [] were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Id.* at 418 (citation omitted).

The City's allegations regarding Singh's knowledge that Joseph Hanuka would sell the cigarettes in New York are conclusory. The City contends that Singh is subject to specific jurisdiction in New York based on his direct negotiation with a New York party, Joseph Hanuka. City Mem. at 6–7; *see also* Compl. ¶¶ 23–47. In arguing that Singh "negotiated directly with a

New York party and knew that he was doing so" and thus "transact[ed] business in New York[,]" City Mem. at 6 (alteration in original), the City makes two leaps of logic. First, that Singh knew that Joseph Hanuka was a New York party, and second, that Singh knew that Joseph Hanuka would bring the cigarettes to New York. The complaint alleges only that Hanuka loaded cigarettes into a car bearing a New York license plate "with the assistance" of Singh, Compl. ¶¶ 4, 40, not that Singh saw or was aware of the New York license plate, or was even close enough to the plate to determine that it was a New York plate. Even assuming Singh knew that the vehicle had a New York plate, the City does not allege why knowing this would mean that Singh knew the cigarettes were destined for resale in New York. Tr. of Hearing on Mot. to Dismiss at 17:17–20, *City of New York v. H&H Distributors*, No. 18 Civ. 848 (S.D.N.Y. Oct. 25, 2018), ECF No. 69 ("Whether wholesalers typically examine the license plates of delivery vehicles and whether out-of-state license plates should trigger suspicion of illegal smuggling turns on facts that are simply not alleged here."). The City's submissions illustrate the tenuous nature of this assumption. Despite alleging that "Singh . . . [knew] that the cigarettes would be and in fact were immediately transported out of Virginia," Compl. ¶ 66, the City submits an affidavit from Joseph Hanuka stating that he "transfer[red] about twenty (20) or thirty (30) cartons" to individuals at rest stops in Virginia, Hanuka Aff. ¶ 6.

   The rest of the City's allegations about Singh's knowledge are also conclusory. *See, e.g.*, Compl. ¶ 56 ("Singh . . . had actual knowledge that the cigarettes . . . were transported to New York City), ¶ 63 ("Singh . . . engage[s] in transactions with tax-paid Virginia cigarettes with the knowledge that the cigarettes will be transported into New York for subsequent distribution and sale in New York), ¶ 66 ("Singh received orders for cigarettes from Abraham Hanuka and Joseph Hanuka and filled those orders by accepting cash payments, knowing that the cigarettes would be

and in fact were immediately transported out of Virginia"), ¶ 70(a) ("Singh . . . knew [that the cigarettes] would be transported out of Virginia but not affixed with the tax stamps of any state"). These "conclusory allegations are not enough to establish personal jurisdiction." *Commodity Futures Trading Comm'n v. TFS-ICAP, LLC*, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019) (citation omitted).[1]

Because the City fails to plausibly allege that Singh contracted to supply goods in New York, Singh's motion to dismiss its CCTA claim is GRANTED.[2]

2. RICO

The RICO statute "does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found . . . . [A] civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." *PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998). To determine whether a defendant had sufficient minimum contacts with the forum state, courts consider whether the defendant purposely availed

---

[1] Moreover, the City has acknowledged that its conclusory allegations are false in other respects. Although the City claims in its complaint that "Abraham Hanuka . . . shipped, transported, received, possessed, sold, distributed or purchased more than 10,000 cigarettes found within [New York]" and that he "instructed Joseph Hanuka to transport the cigarettes from Virginia to New York[,]" Compl. ¶¶ 55, 67, the City states in a letter that "Abraham Hanuka has for many years resided outside of the United States, and had no actual involvement in the matters alleged in the complaint beyond holding the registration of the vehicle used by Joseph Hanuka[,]" ECF No. 15 at 2. Additionally, the City's allegations that Joseph Hanuka purchased 200 cartons of cigarettes from Singh per visit, Compl. ¶¶ 26, 37, 45–46, contradict Joseph Hanuka's assertion that he only purchased "about sixty (60) cartons on each visit[,]" Hanuka Aff. ¶ 4.

[2] On July 14, 2021, the City filed a supplemental memorandum of law in opposition to Singh's motion to dismiss. ECF No. 32. This Court's Individual Practices in Civil Cases do not allow for supplemental filings. *See* Rule III.D. Therefore, the Court can strike this filing. *Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12 Civ. 8060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) ("It is beyond dispute that the decision to permit a litigant to submit a surreply is a matter left to the court's discretion[.]"). In any event, the City's supplement does not change the Court's analysis. Although the City states that "Mr. Singh had knowledge that the cigarettes Mr. Singh sold to Mr. Hanuka would be transported to New York City[,]" ECF No. 32 at 3, it provides no evidence of this fact other than Singh having Joseph Hanuka's Brooklyn address in his cell phone. *Id.* Again, the City does not allege why knowing Joseph Hanuka's address would mean that Singh knew the cigarettes were destined for resale in New York. *See* ECF No. 32-1 ¶ 16 ("[Singh] was not aware at the time that [Joseph Hanuka] intended to transport the cigarettes outside of Virginia.").

himself of the benefits and privileges of the forum state's law.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985).  "Additional defendants may be subject to nationwide personal jurisdiction, but '[t]his jurisdiction is not automatic[;] [it] requires a showing that the 'ends of justice' so require.'"  *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981, 2015 WL 1514539, at *7 n.2 (S.D.N.Y. Mar. 31, 2015) (quoting *PT United*, 138 F.3d at 71 n.5) (alterations in original).  This "limitation reflects RICO's 'first preference to bring the action where suits are normally expected to be brought' rather than 'hailing defendants into far-flung fora.'"  *City of New York v. Hatu*, No. 18 Civ. 848, 2019 WL 2325902, at *7 (S.D.N.Y. May 31, 2019) (alteration and citation omitted).

The City plausibly alleges that Joseph Hanuka has sufficient minimum contacts with New York: it alleges that Joseph Hanuka lives in New York, Compl. ¶ 12, and that he brought out-of-state cigarettes into New York on several occasions, *id.* ¶¶ 4–5.  However, because Joseph Hanuka and Singh have sufficient minimum contacts with Virginia, Hanuka Aff. ¶¶ 2–3, Compl. ¶ 3, 10, the "ends of justice" do not require that this suit be brought in New York.[3]  *See Hatu*, 2019 WL 2325902, at *7 ("Because all of the defendants reside in North Carolina, the [c]ourt held that the 'ends of justice' did not require that the lawsuit be brought in New York."); *PT United*, 138 F.3d at 71–72 ("There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought.").

Accordingly, Singh's motion to dismiss the City's RICO claims is GRANTED.

---

[3] The City concedes that its allegations that Abraham Hanuka is also a New York resident are incorrect: he resides abroad and has not been involved in the matters alleged in the complaint.  ECF No. 15 at 2.  Accordingly, the Court will not consider him an additional defendant for the purposes of establishing jurisdiction under RICO.  *See Cooper v. United States*, No. 17 Civ. 1590, 2018 WL 5728547, at *4 (M.D. Tenn. Aug. 30, 2018) ("Plaintiff's claim that $1,000.00 was seized from him and forfeited has been abandoned by his own admission that this event did not occur."), *report and recommendation adopted*, No. 17 Civ. 1590, 2018 WL 5728540 (M.D. Tenn. Oct. 1, 2018).

### 3. New York PHL

The City also alleges that Singh violated PHL § 1399-*ll*. Compl. ¶¶ 98–102. The doctrine of pendent personal jurisdiction provides that where a federal statute authorizes nationwide service of process, and the federal and state-law claims derive from a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state-law claims even if personal jurisdiction is not otherwise available." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88 (2d Cir. 2018) (quotation marks and citation omitted). Because the Court has dismissed the federal law claims against Singh, the Court declines to exercise supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(c). *See Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (citation omitted)).

Accordingly, Singh's motion to dismiss the City's state law claim is GRANTED.

### B. Failure to State a Claim

Because the Court has dismissed the City's complaint against Singh on jurisdictional grounds, it need not reach the merits. However, the Court notes that at least three of the City's claims against Singh fail to state a claim. To state a claim under the CCTA, the City has to plead that Singh knowingly sold contraband cigarettes. 18 U.S.C. § 2342(a) ("It shall be unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco."); *City of New York v. Chavez*, No. 11 Civ. 2691,

9

2012 WL 1022283, at *3 (S.D.N.Y. Mar. 26, 2012). As discussed above, the City has not adequately pleaded that Singh knew that the cigarettes he sold were destined to be contraband. *Supra* at 5–6; Tr. of Hearing on Mot. to Dismiss at 26:2–11, *H&H Distributors*, No. 18 Civ. 848. Therefore, the City has failed to allege that Singh violated the CCTA. Because the City's RICO and RICO conspiracy claims against Singh are predicated on his alleged violation of the CCTA, 18 U.S.C. § 1961(1), the City has also failed to state a claim against Singh with respect to its RICO claims. Tr. of Hearing on Mot. to Dismiss at 26:2–12, *H&H Distributors*, No. 18 Civ. 848.

## CONCLUSION

For the reasons stated above, Singh's motion to dismiss this action for lack of personal jurisdiction is GRANTED. By **September 27, 2021**, the City shall file its amended complaint. The Clerk of Court is directed to terminate the motion at ECF No. 18.

SO ORDERED.

Dated: September 13, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge